UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MARLIN LEE GOUGHER,

Petitioner,

v.

STEVE MNUCHIN,

Respondent.

Case No.  19-cv-07217-YGR (PR)

**ORDER OF DISMISSAL WITH LEAVE TO AMEND**

## I.    INTRODUCTION

Petitioner, a federal prisoner, has filed a document entitled, "File Order and Notice of Revocation Motion to Compel," which the Court will construe as a *pro se* petition for a writ of mandamus.  Dkt. 1.  He has filed a motion for leave to proceed *in forma pauperis*.  Dkts. 4, 17. He has also filed two other motions entitled, "Request to Issue Summons" and "Ex Parte Motion to Appoint Marshal to Serve Summons and Complaint."  Dkts. 12, 13.

## II.    DISCUSSION

### A.    Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  In its review, the Court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief.  *Id*. at 1915A(b)(1),(2).  *Pro se* pleadings must be liberally construed.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

### B.    Legal Claims

Petitioner seeks a writ of mandamus, though the exact nature of his filing is difficult to discern.  *See* Dkt. 1 at 1-2.  Petitioner states as follows:

> On August 6, 2019, I, Marlin Lee Gougher, mailed an Order and Notice of [R]evocation with a demand for the S[e]cretary of the Treasury to provide confirmation by 30 days t[ha]t all transactions

United States District Court
Northern District of California

> under my previous Trust are final.
>
> I am requesting the court to file this order and notice of revocation (Exhibit A) and compel the Secretary of Treasury to comply with the 30 day confirmation that all transactions under my previous trust are final as they have not answered by the 30 days.

*Id.* at 1 (brackets added).  Attached as Exhibit A to the petition is a document drafted by Petitioner entitled, "Order and Notice of Revocation."  *Id.* at 2.  It states as follows:

> I, Marlin Lee Gougher, having hereby sent "Notice of Interest" to the President of the United States declaring my legal right to be a Private Citizen and transferring my Trustee, thereby the Trusteeship, from the Treasury Department of the United States to the President of the United States on June 13, 2018, d[o] hereby revoke my mother['s] . . . and my father's . . . expressed or implied permission and including any expressed or implied permission by me after my eighteenth birthday . . . to the United States federal government of any of it[s] agencies, to conduct any financial transactions by the Treasury Department of the United States [on] my behalf to be retroactive to June 13, 2018.
>
> I need confirmation by 30 days that all transactions under my previous trust are final.

*Id.* at 2 (brackets added).

The federal mandamus statute provides that "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the [petitioner]."  28 U.S.C. § 1361.  Mandamus relief is an extraordinary remedy, however.  It is available to compel a federal officer to perform a duty only under certain circumstances.  *See Fallini v. Hodel*, 783 F.2d 1343, 1345 (9th Cir. 1986).

Federal district courts are without power to issue mandamus to direct state courts, state judicial officers, or other state officials in the performance of their duties.  A petition for a writ of mandamus to compel a state court or official to take or refrain from some action is frivolous as a matter of law.  *See Demos v. U.S. District Court*, 925 F.2d 1160, 1161-62 (9th Cir. 1991) (imposing no filing *in forma pauperis* order); *Clark v. Washington*, 366 F.2d 678, 681 (9th Cir. 1966) (attorney contested disbarment and sought reinstatement).

Mandamus relief is only available to compel an officer of the United States to perform a duty if: (1) the [petitioner]'s claim is clear and certain; (2) the duty of the officer is

2

1    nondiscretionary, ministerial and so plainly prescribed as to be free from doubt; and (3) no other

2    adequate remedy is available.  *See Agua Caliente Tribe v. Sweeney*, 932 F.3d 1207, 1216 (9th Cir.

3    2019).  Petitioner alleges that he has sent a "Notice of Interest" to the President of the United

4    States declaring his "legal right to be a Private Citizen and transferring [his] Trustee, thereby the

5    Trusteeship, from the Treasury Department of the United States to the President of the United

6    States on June 13, 2018."  Dkt. 1 at 2.  Based upon these allegations, Petitioner seems to be

7    referring to a trust that has been transferred to the President of the United States, but he does not

8    give any more details than the information above.  Such a claim, being based upon outlandish and

9    entirely implausible factual allegations, seems to be frivolous and certainly not "clear and certain."

10   *See Agua Caliente Tribe*, 932 F.3d at 1216.  Therefore, mandamus relief would not be not

11   available, and the claim would have to be dismissed.

12        Accordingly, the petition for a writ of mandamus is dismissed with leave to amend, and

13   Petitioner will be provided one opportunity to amend to address the legal standards set forth

14   above, if possible.  Dkt. 1.  Petitioner should also provide more information concerning the relief

15   he seeks.

16   **III.   CONCLUSION**

17        1.     Petitioner's motion to proceed *in forma pauperis* is GRANTED.  Dkts. 2, 17.

18        2.     Petitioner's motions entitled, "Request to Issue Summons" and "Ex Parte Motion to

19   Appoint Marshal to Serve Summons and Complaint," are DENIED as premature, and the denial is

20   without prejudice to refiling if Petitioner files a valid amended petition.  Dkts. 12, 13.

21        3.     The petition for a writ of mandamus is **DISMISSED** with leave to amend.  Dkt. 1.

22   The amended petition must be filed within **twenty-eight (28) days** of the date this order is filed

23   and must include the caption and civil case number used in this Order—Case No. C 19-7217—and

24   the words "AMENDED PETITION FOR WRIT OF MANDAMUS" on the first page.  Failure to

25   amend within the designated time will result in the dismissal of this case.

26        4.     It is the Petitioner's responsibility to prosecute this case.  Petitioner must keep the

27   Court informed of any change of address by filing a separate paper with the clerk headed "Notice

28   of Change of Address," and must comply with the Court's orders in a timely fashion.  Failure to

do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

5.      This Order terminates Docket Nos. 1, 4, 12, 13, and 17.

IT IS SO ORDERED.

Dated:  April 20, 2020

YVONNE GONZALEZ ROGERS
United States District Judge

United States District Court
Northern District of California