UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARLIN LEE GOUGHER,<br><br>    Petitioner,<br><br>v.<br><br>STEVE MNUCHIN,<br><br>    Respondent. | Case No. 19-cv-07217-YGR (PR)<br><br>**ORDER OF DISMISSAL WITHOUT PREJUDICE; DENYING PETITIONER'S REQUEST FOR LEAVE TO FILE A MOTION FOR RECONSIDERATION; AND DENYING HIS OTHER PENDING MOTION AS MOOT** |

**I.  BACKGROUND**

Petitioner, a federal prisoner, filed a document entitled, "File Order and Notice of Revocation Motion to Compel," which the Court construed as a *pro se* petition for a writ of mandamus.  Dkt. 1.  In an Order dated April 20, 2020, the Court dismissed the instant action with leave to amend.  Dkt. 20.  The Court stated as follows:

> Mandamus relief is only available to compel an officer of the United States to perform a duty if: (1) the [petitioner]'s claim is clear and certain; (2) the duty of the officer is nondiscretionary, ministerial and so plainly prescribed as to be free from doubt; and (3) no other adequate remedy is available.  *See Agua Caliente Tribe v. Sweeney*, 932 F.3d 1207, 1216 (9th Cir. 2019).  Petitioner alleges that he has sent a "Notice of Interest" to the President of the United States declaring his "legal right to be a Private Citizen and transferring [his] Trustee, thereby the Trusteeship, from the Treasury Department of the United States to the President of the United States on June 13, 2018."  Dkt. 1 at 2.  Based upon these allegations, Petitioner seems to be referring to a trust that has been transferred to the President of the United States, but he does not give any more details than the information above.  Such a claim, being based upon outlandish and entirely implausible factual allegations, seems to be frivolous and certainly not "clear and certain."  *See Agua Caliente Tribe*, 932 F.3d at 1216.  Therefore, mandamus relief would not be . . . available, and the claim would have to be dismissed.
>
> Accordingly, the petition for a writ of mandamus is dismissed with leave to amend, and Petitioner will be provided one opportunity to amend to address the legal standards set forth above, if possible.  Dkt. 1.  Petitioner should also provide more information concerning the relief he seeks.

*Id.* at 2-3.  Thus, the Court directed Petitioner to file an amended petition for a writ of mandamus within twenty-eight days from the filing of the April 20, 2020 Order.

1  In an Order dated June 26, 2020, the Court granted Petitioner's request for an extension of time to respond to the Court's April 20, 2020 Order.  Dkt. 23.

In another Order dated September 4, 2020, the Court granted Petitioner's request for a second extension of time to respond to the Court's April 20, 2020 Order.  Dkt. 25.  The Court granted Petitioner twenty-eight days from September 4, 2020, or no later than October 2, 2020, to file a response to the April 20, 2020 Order.  *Id.* at 1.  Petitioner was warned that if he "fail[ed] to file an amended petition for a writ of mandamus by the twenty-eight day deadline, the Court will dismiss this action without prejudice for failure to prosecute."  *Id.*

To date, Petitioner has failed to file a timely amended petition for a writ of mandamus. And the time to do so has passed.  Instead, Petitioner has filed a "Motion for Relief from Final Judgment or Order and to Move Case to Magistrate Judge," in which he voices his objection to the Court's Order of Dismissal With Leave to Amend and to the reassignment of his *pro se* petition for a writ of mandamus from a magistrate judge to a district judge.  Dkt. 27.  Also, on September 14, 2020, Petitioner filed in a document entitled "Status Update and Amended Motion for Relief from Final Judgment and Order to Move Case to a Magistrate Judge," in which he attaches a letter dated November 30, 2019 to the Clerk of the Court stating that he now wished to consent to magistrate judge jurisdiction in the instant action, Case No. 19-cv-07217-YGR (PR), as well as in a separate action, Case No. 19-cv-0715 EJD (PR).  Dkt. 26.  In essence, Petitioner wishes for the Court's April 20, 2020 Order to be vacated and for his petition to be heard by a magistrate judge, to whose jurisdiction Petitioner has now consented.  Dkt. 27 at 1.  Petitioner explains that he now "want[s] a Magistrate Judge to hear [his] case . . . [and] request[s] that the court throw out the dismissal and give [his] case to a Magistrate Judge for all decisions."  *Id.*

Also before the Court is Petitioner's motion entitled, "Motion for Court Clerk to Issue Subpoena and Motion for Could to Issue Stay," in which Petitioner requests the Clerk to "issue a subpoena (attached) to Steve Mnuchin as Mr. Mnuchin was non-responsive to [Petitioner's] demand letter . . . [and Petitioner] request[s] that the court send [him] the subpoena that [he] will deliver to Mr. Mnuchin."  Dkt. 30 at 1.

## II. DISCUSSION

In the Northern District of California, Local Rule 7-9 allows for the filing of motions for reconsideration only with respect to interlocutory orders made in a case prior to the entry of final judgment. *See* Civil L.R. 7-9(a). No pre-judgment motion for reconsideration under Local Rule 7-9 may be brought without leave of court. *See id.* Therefore, the Court will construe Petitioner's "Motion for Relief from Final Judgment or Order and to Move Case to Magistrate Judge" and his "Status Update and Amended Motion for Relief from Final Judgment and Order to Move Case to a Magistrate Judge," as requests for leave to file a motion for reconsideration.

Under Local Rule 7-9, the moving party must specifically show: (1) that at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the court before entry of the interlocutory order for which the reconsideration is sought, and that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or (2) the emergence of new material facts or a change of law occurring after the time of such order; or (3) a manifest failure by the court to consider material facts which were presented to the court before such interlocutory order. *See* Civil L.R. 7-9(b).

Here, Petitioner presents no grounds that warrant reconsideration of the Court's April 20, 2020 Order of Dismissal with Leave to Amend. Meanwhile, as to Petitioner's objection to the Court's reassignment of this action to a district judge because he claims to have consented to magistrate judge jurisdiction, such an argument is without merit because a review of the record does not support his assertions. The record shows that on November 14, 2019, Petitioner filed a declination to magistrate judge jurisdiction. Dkt. 5. Thus, on November 21, 2019, this action was correctly reassigned to the undersigned Judge. Dkts. 6, 9. It matters not that Petitioner later changed his mind and wished to consent to magistrate judge jurisdiction because the reassignment was correctly based on his initial declination. Thereafter, the Court's April 20, 2020 Order of Dismissal with Leave to Amend was issued by the undersigned Judge. Dkt. 20. Accordingly, Petitioner has failed to meet any of the criteria under Local Rule 7-9(b) to warrant reconsideration of either the Court's April 20, 2020 Order or the reassignment of this action to a district judge.

Therefore, Petitioner's requests for leave to file a motion for reconsideration are DENIED. Dkt. 27.

As mentioned above, the deadline for Petitioner to respond to the Court's April 20, 2020 has passed, and even after being granted two previous extensions of time Petitioner has failed to file a timely amended petition for a writ of mandamus. While Petitioner has filed various pending motions and letters, the Court finds that these filings have failed to correct any pleading deficiencies outlined in the Court's April 20, 2020 Order. Accordingly, this action is DISMISSED without prejudice for failure to prosecute.

### III.  CONCLUSION

For the reasons outlined above, the Court orders as follows:

1. Petitioner's "Motion for Relief from Final Judgment or Order and to Move Case to Magistrate Judge" and "Status Update and Amended Motion for Relief from Final Judgment and Order to Move Case to a Magistrate Judge," which have been construed as requests for leave to file a motion for reconsideration, are DENIED. Dkts. 26, 27.

2. Even after being granted two extensions of time, Petitioner has failed to file an amended petition for a writ of mandamus correcting the aforementioned pleading deficiencies outlined in the Court's April 20, 2020 Order. Therefore, this action is DISMISSED without prejudice for failure to prosecute.

3. The Clerk shall terminate all remaining pending motions as moot, including Petitioner's "Motion for Court Clerk to Issue Subpoena and Motion for Could to Issue Stay" (dkt. 30), and close the file.

4. This Order terminates Docket Nos. 26, 27, and 30.

IT IS SO ORDERED.

Dated: December 8, 2020

_____
YVONNE GONZALEZ ROGERS
United States District Judge